952 So.2d 603 (2007)
D.H., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D06-4522.
District Court of Appeal of Florida, First District.
March 26, 2007.
*604 Nancy A. Daniels, Public Defender, and David P. Gauldin and John Hedrick, Assistant Public Defenders, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
D.H. appeals an involuntary commitment order entered pursuant to section 985.223(3), Florida Statutes (2005). An involuntary commitment order is not a final appealable order for which this court has jurisdiction under rule 9.030(b)(1), Florida Rules of Appellate Procedure. Considering the liberty interest at stake, though, we elect to treat this appeal as a petition for writ of certiorari. See M.H. v. State, 901 So.2d 197, 198 (Fla. 4th DCA 2005).
Section 985.223(3), Florida Statutes (2005), states:
If the court finds that a child is mentally ill . . . and adjudicates the child incompetent to proceed, the court must also determine whether the child meets the criteria for secure placement. A child may be placed in a secure facility or program if the court makes a finding by clear and convincing evidence that:
(a) The child is mentally ill and because of the mental illness . . . :
1. The child is manifestly incapable of surviving with the help of willing and responsible family or friends, including available alternative services, and without treatment or training the child is likely to either suffer from neglect or refuse to care for self, and such neglect or refusal poses a real and present threat of substantial harm to the child's well-being; or
2. There is a substantial likelihood that in the near future the child will *605 inflict serious bodily harm on self or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(b) All available less restrictive alternatives, including treatment or training in community residential facilities or community settings which would offer an opportunity for improvement of the child's condition, are inappropriate.
When a trial court fails to make the required findings to involuntarily commit a child under section 985.223(3), it departs from the essential requirements of the law, and the appellate court should grant a petition for a writ of certiorari. See M.H., 901 So.2d at 201.
Here, the trial court found that D.H. has a mental illness, and noted his troubling recent behavior which indicates a substantial likelihood that he will inflict serious bodily harm on others. Further, the trial court stated that involuntary commitment is the least restrictive alternative. While we might find the evidence presented here less than clear and convincing, "our task on review is not to conduct a de novo proceeding, reweigh the testimony and evidence given at the trial court, or substitute our judgment for that of the trier of fact." In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995). Because we conclude that competent and substantial record evidence supports the trial court's determination that D.H. meets the criteria for involuntary commitment by clear and convincing evidence, we deny the petition for writ of certiorari.
PETITION FOR WRIT OF CERTIORARI DENIED.
HAWKES, THOMAS and ROBERTS, JJ., concur.